**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLUTALITY HEALTH MANAGEMENT, LLC,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION FILE NO.<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff George Moore (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants,* No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. This case involves a campaign by Glutality Health Management, LLC to market its goods and services through the use of a telemarketing campaign.

3. These calls were made in the absence of an adequate "do not call" policy or training, as evidenced by repeated calls to Plaintiff after specific requests that Defendant stop calling and by calls to individuals, including Plaintiff, who have taken the affirmative step of registering their number on the National Do Not Call Registry.

4. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff George Moore is an individual citizen and resident of this District.

7. Defendant Glutality Health Management, LLC ("Glutality Health") is a Delaware corporation that has its principal place of business in Florida.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has personal specific jurisdiction over Glutality Health because it offers healthcare related goods and services in this District as a result of the telemarketing calls it makes, just as it did with the Plaintiff.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

## TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The TCPA's Requirement that Entities have Sufficient Policies in Place Prior to Making Telemarketing Calls

16. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential

telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

17. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

18. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

19. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

20. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

21. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

22. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

23. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

## FACTUAL ALLEGATIONS

24. Defendant Glutality Health is a "person" as the term is defined by 47 U.S.C. § 153(39).

25. At no point has the Plaintiff sought out or solicited information regarding Defendant Glutality Health's goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff

26. Plaintiff Moore's telephone number, 630-XXX-1188, is a residential telephone line.

27. It is not associated with a business and is used by Mr. Moore only.

28. The telephone number has been on the National Do Not Call Registry since July 6, 2003.

29. Plaintiff Moore received several telemarketing calls from the "Nation Health Care Center", which is a name utilized by Glutality Health or its telemarketer, including at least on April 27 and 30, 2020, September 4, 2020, October 5, 2020, February 11, 2021 and April 19, 2021.

30. Mr. Moore fully investigated the call on April 19, 2021, during which Glutality Health was specifically named.

31. During the call Mr. Moore received on April 19, 2021, he spoke with an individual named "Andrea" who identified herself as affiliated with Glutality Health and promoted their diabetic monitoring services.

32. On April 27, 2021, Mr. Moore received a call from an individual named "Amanda" and reconfirmed that Glutality Health is the company whose services were being promoted.

33. On April 28, 2021, Mr. Moore sent correspondence to Glutality Health requesting that he no longer receive calls and asking for a copy of the company's Do Not Call policy.

34. He did not receive one.

35. Mr. Moore also asked Glutality Health to identify the reason he received the calls.

36. He did not receive a response.

37. Instead, Mr. Moore received at least eleven additional telemarketing calls from Glutality Health from their Caller ID (855) 773-7215.

38. These calls were made by Glutality Health after Mr. Moore's do-not-call request and continued until June 3, 2021, including on April 29 and 30, and May 3, 4, 12, 19, 21 and 28, 2021.

39. Glutality Health continued to offer their services, and on June 3, 2021, even informed Mr. Moore that it was partnered with Cigna to provide diabetic meters at no cost.

40. However, according to Cigna, Glutality Health is not a provider in their network.

41. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for Glutality Health's diabetic monitoring goods and services.

42. These calls therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

43. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because his privacy has been violated and they were subjected to annoying and

harassing calls that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

44. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of two National Classes of all other persons or entities similarly situated throughout the United States.

45. The Classes of persons that Plaintiff propose to represent are defined as follows (collectively referred to as the "Classes"):

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Internal DNC Class**: All persons in the United States who: (a) Defendant (or an agent acting on behalf of Defendant) called (2) with two or more telemarketing calls in a 12-month period, (3) who were not a current customer of the Defendant at the time of the call, (4) more than 30 days prior had asked for the calls to stop, and (5) at any time in the period that begins four years before the date of filing this Complaint to trial.

46. Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

47. The Classes, as defined above, are identifiable through telephone records and telephone number databases.

48. The potential members of the Classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

49. Individual joinder of these persons is impracticable.

50. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

51. Plaintiff is a member of each of the Classes and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the class members.

52. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

53. This class action complaint seeks injunctive relief and money damages.

54. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls;

c. whether Defendant maintained a written “do not call” policy;

d. whether Defendant trained its employees or agents engaged in telemarketing on the existence and usage of any “do not call” policy;

e. whether Defendant recorded or honored “do not call” requests of Plaintiff and members of the Internal DNC Class;

f. whether Defendant's conduct regarding its "do not call" policies constitute a violation of the TCPA; and

g. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

55. Plaintiff's claims are typical of the claims of the Classes.

56. Plaintiff's claims, like the claims of Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

57. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

58. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

59. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters

illegal activities. There will be no significant difficulty in the management of this case as a class action.

60. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

61. Plaintiff repeats his prior allegations of this Complaint and incorporates them by reference herein.

62. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

63. Defendant's violations were negligent, willful, or knowing.

64. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

65. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Internal DNC Class)**

66. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

67. Defendant placed numerous calls for telemarketing purposes to Plaintiff and Internal DNC Class Members' telephone numbers.

68. Defendant did so despite not having a written policy pertaining to "do not call" requests.

69. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

70. Defendant did so despite not recording or honoring "do not call" requests.

71. Defendant placed two or more telephone calls to Plaintiff and Internal DNC Class members in a 12-month period.

72. Plaintiff and Internal DNC Class members are entitled to an award of $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

73. Plaintiff and Internal DNC Class members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

74. Plaintiff and the members of the Internal DNC Class are also entitled to and do seek injunctive relief requiring Defendant to enact a written policy pertaining to "do not call" requests, train its personnel on the existence and use of the internal "do not call list," and record and honor "do not call" requests.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

F. An order enjoining Defendant to comply with the internal "do not call" policies of the TCPA;

G. An award to Plaintiff and the Classes of damages, as allowed by law; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

PLAINTIFF,
By his attorney

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com